# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# (Baltimore Division)

| | |
|---|---|
| In re: | Chapter 11 |
| Diamond Comic Distributors, Inc., *et al.*, | Case No. 25-10308 (DER) |
| Debtors. | (Jointly Administered) |
| Diamond Comic Distributors, Inc., | |
| Plaintiff, | |
| v. | Adv. Proc. No. 25-00260 (DER) |
| VALIANT ENTERTAINMENT LLC d/b/a VALIANT ENTERTAINMENT, LLC, | |
| Defendant. | |

## DEBTOR'S MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7055

Diamond Comic Distributors, Inc. (the "**Debtor**") hereby submits this motion (the "**Motion**") for entry of a default judgment against Valiant Entertainment LLC d/b/a Valiant Entertainment, LLC (the "**Defendant**") in the above-captioned adversary proceeding (the "**Adversary Proceeding**") pursuant to Rule 55 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to this adversary proceeding by Rule 7055 of the Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of the Motion, the Debtor respectfully represents as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over the Debtor's claims pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

56597453.1

2. The Debtor's claims are core proceedings within the meaning of 28 U.S.C. § 157(b) and the Court may enter final orders herein.

3. Pursuant to Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 7012-1, the Debtor consents to the entry of final orders or judgments by the Court.

4. Venue of the Debtor's claims in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

5. The statutory and legal predicate for the relief requested herein is Federal Rule 55, made applicable to this proceeding by Bankruptcy Rule 7055.

## BACKGROUND

6. On September 9, 2025 the Debtor filed its complaint against the Defendant (the "**Complaint**") [Adv. Docket No. 1].

7. A summons directed to the Defendant was issued on September 10, 2025 (the "Summons") [Adv. Docket No. 3].

8. On September 12, 2025, the Debtor served the Complaint, together with the Summons, on the Defendant by first class mail, postage prepaid on the address listed on the affidavit of service filed in the Adversary Proceeding [Adv. Docket No. 5] (the "**Affidavit of Service**").

9. Pursuant to Bankruptcy Rule 7012(a) and the Summons, the Defendant was required to file an answer or other responsive pleading to the Complaint within thirty days following issuance of the Summons, on or before October 10, 2025.

10. The Defendant did not serve an answer or other pleading responsive to the Complaint by the deadline.

**RELIEF REQUESTED**

11. By this Motion, the Debtor requests entry of default judgment against the Defendant pursuant to Federal Rule 55 and Bankruptcy Rule 7055 with respect to the Complaint.

**BASIS FOR RELIEF REQUESTED**

12. Federal Rule 55(b), applicable in this matter pursuant to Bankruptcy Rule 7055, sets forth the procedures through which default judgment may be obtained. Where a plaintiff's claim is for a sum certain, the bankruptcy clerk may enter judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, parties seeking entry of a default judgment must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). Thus, a default judgment may be entered only by the Court against a party in a case in which a plaintiff seeks relief other than a money judgment for a sum certain.

13. Here, the Debtor seeks entry of a default judgment with respect to Count I of the Complaint for a declaratory judgment, which is relief other than a money judgment for a sum certain, and thus the Court (not the clerk) must enter judgment.

14. In the Complaint, the Debtor plead sufficient facts entitling it to a judgment declaring: (i) that the Debtor has an interest in the Defendant Supplied Consigned Inventory (as defined in the Complaint) superior to the interest of the Defendant; (ii) that the Debtor's interest in the Defendant Supplied Consigned Inventory constitutes property of the Debtor's estate within the meaning of section 541(a) of title 11 of the United States Code (the "**Bankruptcy Code**"); and (iii) that the Debtor can sell or otherwise dispose of the Defendant Supplied Consigned Inventory pursuant to Bankruptcy Code section 363(b), without regard to the Agreement (as defined in the Complaint), free and clear of any liens, claims, encumbrances and interests in the Defendant

Supplied Consigned Inventory held or asserted by the Defendant pursuant to Bankruptcy Code section 363(f).

15. The Defendant failed to timely respond to the allegations in the Complaint.

16. Accordingly, default judgment against the Defendant with respect to Count I of the Complaint is appropriate.

## NOTICE

17. A copy of this Motion will be served on the Defendant at the address listed on the attached certificate of service by first class mail, postage prepaid.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court grant the relief requested in the Motion by (i) entering default judgment against Defendant on Count I of the Complaint, substantially in the form attached hereto as **Exhibit A**, and (ii) granting such other relief as the Court deems just and equitable.

Dated: October 23, 2025

**SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
    adam.isenberg@saul.com

turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
      paige.topper@saul.com
      nicholas.smargiassi@saul.com

*Counsel for Debtor*

7